UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

CATHY BENSON, *et al.*,

    Plaintiffs,

v.

HG STAFFING, LLC; MEI-GSR HOLDINGS LLC d/b/a GRAND SIERRA RESORT; and Does 1 through 50, inclusive,

    Defendants.

Case No. 3:16-cv-00388-LRH-WGC

ORDER

Before the court is plaintiffs' motion to dismiss. ECF No. 73. HG Staffing, LLC and MEI-GSR Holdings LLC d/b/a Grand Sierra Resort, (collectively "defendants") filed a response (ECF No. 76), to which plaintiffs replied (ECF No. 78). Because dismissal will not cause defendants to suffer plain legal prejudice and for the reasons set forth in this Order, the court grants plaintiffs' motion; however, does so on the condition that it be with prejudice.

Also before the court is defendants' motion for partial summary judgment. ECF No. 74. Plaintiffs filed a response (ECF No. 79), to which defendants replied (ECF No. 80). In light of the court's order on plaintiffs' motion to dismiss (ECF No. 73), the court conditionally denies defendants' motion as moot.

**I.    BACKGROUND**

This dispute centers on defendants' alleged failure to pay plaintiffs overtime wages. *See* ECF No. 14. The dispute began in a separate and now independent matter: *Sargent et al. v. HG Staffing et al.*, 3:13-cv-00453-LRH-WGC. *Sargent* was removed to this court in August 2013,

1

and its proposed classes were conditionally certified in May 2014. *Sargent*, 3:13-cv-00453-LRH-WGC at ECF Nos. 1, 40. But the court later decertified the proposed classes in March 2016 for not being "similarly situated" as required by the FLSA. *Id.* at ECF No. 174. By this time, the parties had conducted extensive discovery and had filed multiple motions. *See id.* at ECF Nos. 82–83, 85, 94, 97–108, 112–21.

After the court ordered decertification in *Sargent*, this matter was filed on June 28, 2016. ECF No. 1.[1] The complaint was later amended. ECF No. 14. The amended complaint asserted one FLSA violation for the narrow-proposed class of employees who were room attendants, allegedly required to arrive 20 minutes prior to shift to complete pre-shift activities for which they were not compensated. *Id.* It does not allege any state-law claims. *See id.* The amended complaint was filed by numerous plaintiffs on behalf of themselves and all others similarly situated.[2] *Id.* The parties have agreed to use the discovery from *Sargent* in this matter. ECF No. 35. The parties have also conducted additional discovery particularly for this matter. *See* ECF No. 63 at 3; *see also Ramirez et al. v. HG Staffing, LLC et al.*, 3:16-cv-00318-LRH-WGC at ECF Nos. 72, Ex. 2; 88.

On June 14, 2016, a state-court action was also filed after the decertification order in *Sargent*. ECF No. 60, Ex. A. The state-court action does not assert any FLSA claims; it instead asserts state-law claims for lost wages under Chapter 608 of the Nevada Revised Statutes ("NRS") on behalf of four named plaintiffs. *Id.* In early 2017 and before any motions were decided in the state-court action, the state court stayed the state-court action pending an anticipated decision from the Nevada Supreme Court. *See Ramirez*, 3:16-cv-00318-LRH-WGC at ECF No. 72, Ex. 1. The stay was not lifted until December 20, 2017. *Id.* This parallel state-court action is currently pending.

---

[1] Four other related cases with narrower-proposed classes were filed as well. *See Ramirez et al. v. HG Staffing, LLC et al.*, 3:16-cv-00318-LRH-WGC; *Corral et al. v. HG Staffing, LLC et al.*, 3:16-cv-00386-LRH-WGC; *S. Reader et al. v. HG Staffing et al., LLC*, 3:16-cv-00387-LRH-WGC; *T. Reader et al. v. HG Staffing et al., LLC*, 3:16-cv-00392-LRH-WGC.

[2] One of the named plaintiffs has since been terminated from this action. ECF No. 20.

In January 2018, plaintiffs filed a motion to stay or in the alternative, dismiss this matter without prejudice based on the similarly natured claims in this action and the state-court action. ECF No. 60. After finding that a majority of the *Colorado River* Doctrine factors weighed against a stay, the court denied plaintiffs' motion to stay with prejudice. ECF No. 72.

Plaintiffs now move to voluntarily dismiss this matter without prejudice, this time based on the Nevada Supreme Court's ruling in *Neville v. Eighth Judicial District Court in & for County of Clark*, 406 P.3d 499 (Nev. 2017). ECF No. 73. Simultaneously, defendants move for partial summary judgment, arguing that 41 plaintiffs are barred by a two-year statute of limitations. ECF No. 74. The court's Order as to these pending motions now follows.

## II. DISCUSSION

**The Court dismisses plaintiffs' action <u>with</u> prejudice pursuant to Federal Civil Procedure Rule 41.**

Subject to certain exceptions, a plaintiff has the right to dismiss his or her action by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). After the opposing party serves either an answer or a motion for summary judgment, the plaintiff loses this right. As defendants filed their answer to plaintiffs' amended complaint on March 17, 2017, (ECF No. 23), dismissal is only permitted by court order. *See* Fed. R. Civ. P. 41(a)(2).

The decision of whether to grant voluntary dismissal rests in the court's discretion. *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir. 1982). "When ruling on a motion to dismiss without prejudice, the district court must determine whether the defendant will suffer some legal prejudice as a result of the dismissal." *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996). "Although case law does not articulate a precise definition of 'legal prejudice,' the cases focus on rights and defenses available to a defendant in future litigation," concluding legal prejudice means "prejudice to some legal interest, some legal claim, some legal argument." *Id.* at 97. Courts have specifically concluded that plain legal prejudice is more than "the prospect of a second lawsuit, . . . when plaintiff merely gains some tactical advantage," or "the mere inconvenience of defending another lawsuit." *Hamilton*, 679

F.2d at 145; *see also Westlands*, 100 F.3d at 96 ("[T]he threat of future litigation which causes uncertainty is insufficient to establish plain legal prejudice."); *Veina v. Sutter Hotel Assocs. L.P.*, No. C 98-0980 SI, 1998 WL 822773, at *3 (N.D. Cal. Nov. 9, 1998) ("[E]ven if plaintiff escapes some limits on discovery by refiling this action in state court, the fact that a plaintiff gains a tactical advantage by dismissing the action is not enough to show plain legal prejudice."). Further, the Court has held that neither incurring significant expenses defending the suit nor the fact that trial preparations have begun amount to plain legal prejudice. *See Hamilton*, 679 F.2d at 145-46. Courts have held that when dismissal would strip a defendant of an absolute defense, that does amount to plain legal prejudice. *See Tibbetts by and through Tibbets v. Syntex Corp.*, 996 F.2d 1227, 1993 WL 241567, at *1-2 (9th Cir. July 2, 1993) (unpublished) (citing *Phillips v. Illinois Central Gulf Railroad*, 874 F.2d 984 (5th Cir. 1989)).

Plaintiffs have filed this motion to voluntarily dismiss the pending action without prejudice following the Nevada Supreme Court's decision in *Neville*. Because *Neville* held that employees have a private right of action for NRS Chapter 608 wage claims, *see Neville*, 406 P.3d at 504, plaintiffs seek to forego litigation of their federal wage claims in federal court for their more encompassing state law wage claims currently pending in state court. Defendants argue that if the court were to grant plaintiffs' motion, they would suffer plain legal prejudice because they would be deprived of the applicable statute of limitations defense. As articulated fully in their motion for partial summary judgment, defendants argue that because plaintiffs failed to file consent to opt-in to the collective action their claims are barred by the FLSA's two-year statute of limitation.

The court disagrees with defendants that dismissal would cause them plain legal prejudice. Defendants' cited case law is readily distinguishable from the facts at hand. Courts have held that when a plaintiff seeks dismissal in order to refile their case in a more favorable jurisdiction, one where the statute of limitations has not expired, defendants are legally prejudiced. *See Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 318-19 (5th Cir. 2002) (after plaintiffs failed to provide the jurisdiction in which they wished to refile if the voluntary dismissal was granted, the Court determined that defendants would be legally prejudiced

"because such dismissal would potentially strip it of a viable statute of limitations defense."); *Phillips*, 874 F.2d at 987 (affirming the lower court's denial of voluntary dismissal reasoning that while "the mere prospect of a second lawsuit on the same facts is not sufficiently prejudicial to the defendant to justify denial, . . . the facts in the second lawsuit would differ in that the defendant would be stripped of an absolute defense to the suit."). The Ninth Circuit, relying on the Fifth Circuit's reasoning, came to a similar conclusion. *See Tibbets*, 1993 WL 241567, at *2 ("Similarly [to *Phillips*], the district court here concluded that [the defendant] would be prejudiced by having to defend the suit in another state where the statute of limitations had not run," and therefore, it "was not an abuse of discretion," for the district court to deny plaintiff's motion for voluntary dismissal.).

This case law is readily distinguishable from the case at hand. Here, plaintiffs have brought a single claim, violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. Claims for violations of the FLSA must be brought within 2 years of the violation. 29 U.S.C. § 255(a). However, a "cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." *Id.* This statute of limitations does not change regardless of which court, state or federal, hears the claim. *Cf. Manshack v. Southwestern Electric Power Co.*, 915 F.2d 172, 174-75 (5th Cir. 1990) (in distinguishing itself from *Phillips*, the Court held that because both the federal court and the Texas state court are governed by the same choice of law principals defendants would not be stripped of an absolute defense; and therefore, it was not an abuse of discretion to grant the voluntary dismissal). Similarly to *Manshack*, dismissal would not strip defendants of an absolute defense: even if plaintiffs were to assert a FLSA claim in the parallel state-court action, the claim is bound by the same statute of limitations in both state and federal court.

Further, unlike in *Phillips* where the plaintiffs sought voluntary dismissal so that they could refile in a jurisdiction where the statute of limitations was not a bar to the action, that is not the case here. Rather, plaintiffs wish to abandon their federal claims in favor of the more encompassing state law claims. That does not amount to plain legal prejudice. *See Smith v. Lenches*, 263 F.3d 972, 975-76 (9th Cir. 2001) (After the California Supreme Court ruled on an

issue of state law, the federal district court granted plaintiff's motion to voluntarily dismiss their federal claims in favor of pursuing their parallel state claims based on the same facts. The Ninth Circuit affirmed, finding that the district court's dismissal with prejudice "only strengthens [their] conclusion that the dismissal caused no legal prejudice and was not an abuse of discretion."); *Davis v. USX Corp.*, 819 F.2d 1270, 1275 (4th Cir. 1987) (reversing the lower court's denial of plaintiff's motion for voluntary dismissal, reasoning that "in cases involving the scope of state law, courts should readily approve dismissal when a plaintiff wishes to pursue a claim in state court.").

However, after deciding to grant voluntary dismissal, the court must determine whether such dismissal operates with or without prejudice. The Second, Fourth, Fifth, Sixth, Seventh, and Eighth Circuits have all held that Rule 41(a)(2) provides the district court with authority to grant dismissal *on the condition* that it be with prejudice. *See Gravatt v. Columbia University*, 845 F.2d 54, 55-56 (2d Cir. 1988); *Andes v. Versant Corp.*, 788 F.2d 1033, 1037 (4th Cir. 1986); *Elbaor*, 279 F.3d at 320; *U.S. v. One Tract of Real Property*, 95 F.3d 422, 425 (6th Cir. 1996); *Marlow v. Winston & Strawn*, 19 F.3d 300, 304 (7th Cir. 1994); *Jaramillo v. Burkhart*, 59 F.3d 78, 79 (8th Cir. 1995). Because allowing plaintiffs to refile this case, which has been pending for over 5 years, would be inequitable, the court finds that granting plaintiffs' motion on the condition that it be with prejudice is appropriate.

First, defendants have spent considerable time and money engaging in discovery and generally litigating this already 5-year-old case. *See* ECF No. 77. Additionally, this condition is not overly broad for the situation at hand: there is only one pending claim and therefore, dismissal with prejudice will only affect the claim under which defendants have also asserted a statute of limitations defense. *Contra Elbaor*, 279 F.3d at 320 (finding that dismissal with prejudice was overly broad because the statute of limitations defense did not apply to all of the claims). Further, plaintiffs have made the choice to split their claims between federal and state court. However, that does not mean that the court should allow them to fully litigate their claims in state court, and then, should they be unsuccessful, permit them to return to federal court and take another bite at the apple. If plaintiffs truly wish to abandon their federal law claims in favor

6

of their state law claims, the court will allow them to do so, but they will not be permitted to return to federal court and attempt to relitigate this action at a later date.

### III. CONCLUSION

IT IS THEREFORE ORDERED that plaintiffs' motion to voluntarily dismiss the action (ECF No. 73) is **GRANTED** on the condition that it be **with prejudice**. Plaintiffs have 30 days from the date of this Order to withdraw their motion or consent to the dismissal despite the condition. *See Lau v. Glendora Unified School Dist.*, 792 F.2d 929, 931 (9th Cir. 1986) (holding that a plaintiff be given a "reasonable period of time within which to refuse the conditional voluntary dismissal by withdrawing her motion for dismissal or to accept the dismissal despite the imposition of conditions."). A failure to respond within the 30 day window shall constitute a consent to dismissal with prejudice.

IT IS FURTHER ORDERED that defendants' motion for partial summary judgment (ECF No. 74) is conditionally **DENIED** as moot.

IT IS SO ORDERED.

DATED this 13th day of March, 2019.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE