UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CATHY BENSON, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>HG STAFFING, LLC; MEI-GSR HOLDINGS LLC d/b/a GRAND SIERRA RESORT; and Does 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:16-cv-00388-LRH-WGC<br><br>ORDER |

Before the court is plaintiffs' motion for clarification of the court's prior order granting plaintiffs' motion for voluntary dismissal on the condition that it be with prejudice (ECF No. 86). ECF No. 87. Plaintiffs also motion this court for an extension of time to consent to the prior order. *Id.*

As the court previously stated, and as plaintiffs represented to this court, plaintiffs wish to abandon their federal claims in favor of the more encompassing state law claims currently pending in Nevada State Court. The court sees no reason to deny plaintiffs that request or to force them to litigate in federal court. However, given the considerable time and money defendants have spent engaging in discovery and generally litigating this case over the past 5 years, it would be improper to allow plaintiffs to fully litigate their claims in state court, and then if unsuccessful, return to federal court and attempt to relitigate their federal claims. It is for that reason the court ruled that plaintiffs' motion for voluntary dismissal be with prejudice—plaintiffs will be precluded from again raising the Fair Labor Standards Act claim in this court.

1

As the term "with prejudice" can have various meanings, the court clarifies that its prior Order is with prejudice in that it precludes plaintiffs from subsequently reasserting this cause of action in federal court. However, it is without prejudice as to plaintiffs' state law causes of action in state court, even though the court acknowledges that the alleged conduct is the same. This ruling is in accordance with *Smith v. Lenches*, 263 F.3d 972, 976 n.6 (9th Cir. 2001).

IT IS FURTHER ORDERED that plaintiffs have 30 days from the date of this Order to withdraw their motion or consent to the dismissal despite the condition. A failure to respond within the 30-day window shall constitute a consent to dismissal with prejudice.

IT IS SO ORDERED.

DATED this 27 day of March, 2019.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE